| | |
|---|---|
| 1 | KEVIN V. RYAN, SBN 118321<br>United States Attorney |
| 2 | JOANN M. SWANSON, SBN 88143<br>Assistant United States Attorney |
| 3 | Chief, Civil Division<br>SARA WINSLOW, DCBN 457643 |
| 4 | Assistant United States Attorney |
| 5 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102 |
| 6 | Telephone: (415) 436-7260<br>Facsimile:  (415) 436-7169 |
| 7 | |
| 8 | Attorneys for Defendant |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| BARNI ABOKOR, | ) | |
| Plaintiff, | ) | CIVIL NO.   04-02307 PVT |
| v. | ) | STIPULATION AND ORDER OF REMAND |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Commissioner has notified the United States Attorney's Office that the Appeals Council has requested a remand of the above-captioned case pursuant to sentence six of 42 U.S.C. § 405(g), because the claim file cannot be located.

Upon receipt of the Court Order, the Appeals Council will remand the case to an Administrative Law Judge for reconstruction of the administrative record and to hold another hearing and issue a new decision

Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g):

> The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner .

See Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292(1993).

The joint conference committee of Congress in reporting upon the Social Security Disability

Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Secretary. The intent of the committee was that such procedural defects be considered "good cause" for remand. The committee states:

> Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record . . . (H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).

Good cause having been shown, the parties agree that this action should be remanded to the Commissioner of Social Security for further proceedings as stated above. Defendant will reinstate the action in this Court when plaintiff's record is complete and/or when an administrative transcript is prepared.

Dated: July 19, 2005
          /s/
          TOM WEATHERED
          Attorney for Plaintiff

          KEVIN V. RYAN
          United States Attorney

Dated: July 19, 2005     By:     /s/
          SARA WINSLOW
          Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED that this action is remanded, pursuant to sentence six of 42 U.S.C. 405(g), to the Commissioner for further proceedings as stated above.

Dated: 9/26/05
          Patricia V. Trumbull
          PATRICIA V. TRUMBULL
          United States Magistrate Judge

ABOKOR, REMAND STIP S6 (djm)
C 04-02307 PVT                              2